

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-4-2003

# USA v. Pelullo

Precedential or Non-Precedential: Non-Precedential

Docket 02-2249

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Pelullo" (2003). *2003 Decisions*. Paper 665.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/665

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-2249
_____


UNITED STATES OF AMERICA

v.

LEONARD A. PELULLO


PINTLER CREEK RANGE, INC.,

Appellant
_____

On Appeal From The United States District Court
For The Eastern District of Pennsylvania
(D.C. No. 91-cr-00060)


District Judge:  The Honorable Robert F. Kelly
_____

Submitted Under Third Circuit LAR 34.1(a)
March 31, 2003
_____

Before: McKEE, SMITH and COWEN, <u>Circuit Judges</u>

(Opinion Filed: April 4, 2003)
_____

OPINION
_____

SMITH, Circuit Judge

I.

In this case Pintler Creek Range, Inc., ("Pintler") appeals from the District Court's order requiring Leonard Pelullo to forfeit his property in Montana, arguing that the District Court lacked subject matter jurisdiction. Pintler's counsel also attempts to make arguments on behalf of Mary Louise Jalilvand despite the fact that Jalilvand was the appellant in a separate suit which was dismissed for lack of standing. Because the District Court had subject matter jurisdiction over the forfeiture proceeding, and Pintler offers no other reason why it would be entitled to set aside the forfeiture, the order of the District Court will be affirmed.

II.

On January 27, 1995, Leonard Pelullo was convicted by a jury in the United States District Court for the Eastern District of Pennsylvania of racketeering in violation of 18 U.S.C. § 1962(c). The jury also returned a special verdict of forfeiture in which they found that Pelullo obtained real property in Montana as the result of his racketeering activity.

In September of 1995, the District Court ordered Pelullo to forfeit his interest in the Montana property pursuant to 18 U.S.C. § 1963. The government then began an ancillary forfeiture proceeding in accordance with 18 U.S.C. § 1963(l) to adjudicate third party claims to the Montana property. Susan Gehrke filed a petition asserting an ownership interest in the property on behalf of herself and her minor daughter, Arianna Pelullo. Pintler Creek Range, Inc., ("Pintler") also filed a petition asserting a claim to the property.

2

Attorney Anne M. Dixon appeared as counsel of record for both Pintler and Gehrke.

In February of 1997, Susan Gehrke passed away. Initially, Forrest Gehrke, Jane Gehrke, Russell Gehrke, Michelle Gehrke and Leonard Pelullo were given joint legal custody of Arianna. On June 1, 1998, the Gehrkes relinquished legal and physical custody of Arianna to Mary Louise Jalilvand.

On September 29, 1998, Forrest Gehrke purported to enter into a stipulation with the government to withdraw Susan Gehrke's petition on behalf of Arianna. In the same document, Dixon, on behalf of Pintler and Susan Gehrke, executed a stipulation providing that Pintler and Gehrke withdrew their forfeiture petitions and consented to the entry of final order and judgment of forfeiture. The District Court approved the stipulation by order dated March 1, 2002. On March 5, 2002, the District Court entered the final order and judgment of forfeiture.

Mary Louise Jalilvand and Pintler each filed appeals which were consolidated on July 17, 2002. On July 30, the appeal by Jalilvand was dismissed without prejudice to her right to file her claim on behalf of Arianna in the District Court, because Jalilvand was not a party to the original forfeiture proceeding and did not have standing to appeal. Pintler's appeal remains.

### III.

Counsel argues that forfeiture was improper because the District Court did not have subject matter jurisdiction to enter its order extinguishing Pintler's rights in the Montana property since Anne Dixon was not Pintler's counsel. Dixon's authority to act on Pintler's

3

behalf is unrelated to the District Court's subject matter jurisdiction. *See Insurance Corp. of Ireland v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982) (explaining that subject matter jurisdiction is a function of the judicial power of the federal courts under Article III of the Constitution and the authorizing legislation of Congress). The District Court clearly had subject matter jurisdiction over the criminal proceeding pursuant to 18 U.S.C. § 3231 and over the forfeiture proceeding under 18 U.S.C. § 1963(l). In addition, since Anne Dixon appeared as counsel for Gehrke and Pintler, and because Pintler does not introduce any evidence that Dixon was without authority to do so, her signature on the stipulation was binding as to both Pintler and Gehrke's estate.

Counsel also puts forth the argument that because Forrest Gehrke was not Arianna's legal guardian at the time he signed the stipulation, he did not have authority nor the capacity to waive her rights to the property. Since Jalilvand's appeal on behalf of Arianna was dismissed for lack of standing, we cannot reach the merits of this claim.

## IV. CONCLUSION

We affirm the order of the District Court.


TO THE CLERK:


Please file the foregoing Opinion.


                                           /s/ D. Brooks Smith

4

Circuit Judge